**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA M. JONES-MASON,<br><br>  Appellant,<br><br>v.<br><br>TRYSTONE CAPITAL ASSETS, LLC,<br><br>  Appellee. | Civil Action No. 23-3630 (MAS)<br>Advisory Proceeding No. 22-13530<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon Appellant Lisa M. Jones-Mason's[1] ("Appellant") appeal of a Bankruptcy Court order. (ECF No. 1.) On January 5, 2024, this Court issued a text order: (1) notifying Appellant that she failed to file a Designation of Record pursuant to Federal Rule of Bankruptcy Procedure 8009; and (2) ordering Appellant to submit the Designation of Record and a moving brief no later than January 24, 2024.[2] (ECF No. 3.) The Court also warned that if Appellant failed to do so, this matter may be dismissed for failure to timely prosecute her appeal. (*Id.*) As of the date of this Memorandum Order, Appellant has not provided a Designation of Record, moving brief, or otherwise responded to the Court's text order. Accordingly, for the reasons briefly outlined below, Appellant's appeal is dismissed for failure to prosecute.

Under Rule 8001(a), a district court "is empowered to dismiss an appeal for failure to prosecute or otherwise follow the procedures set out in the" Rules. *In re Richardson Indus.*

---

[1] Appellant is representing herself pro se. (*See* ECF No. 1.)

[2] All references to "Rule" or "Rules" in this Memorandum Order refer to the Federal Rules of Bankruptcy Procedure.

*Contractors, Inc.*, 189 F. App'x 93, 96 (3d Cir. 2006). Before doing so, however, a district court must: (1) notify the appellant that their appeal may be dismissed for failure to prosecute, *In re Farzan*, Nos. 21-2445, 21-2446, 2022 WL 1238354, at *2 (3d Cir. Apr. 27, 2022) (collecting cases); and (2) consider the propriety of dismissal under the *Poulis* factors, *In re Richardson*, 189 F. App'x at 96 (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

As to the first step, on January 5, 2024, the Court notified Appellant that her appeal may be dismissed for failure to prosecute unless she provided certain required materials or otherwise "request[ed] an extension of time within which to file the same." (ECF No. 3.) The Court gave Appellant until January 16, 2024 to file a Designation of Record and until January 24, 2024 to file a moving brief. (*Id.*) As of the date of this Memorandum Order, Appellant has not: (1) filed a Designation of Record; (2) filed a moving brief; or (3) requested an extension of time "within which to file the same." (*Id.*) Accordingly, Appellant was properly put on notice that her appeal may be dismissed, and Appellant did not oppose or otherwise respond to the Court's dismissal warning.

At the second step, in light of the Court's first-step analysis, the application of the *Poulis* factors is straightforward. Under *Poulis*, an appellant's appeal may be dismissed if the balance of the following factors supports such a finding:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*In re Richardson*, 189 F. App'x at 96 (quoting *Poulis*, 747 F.2d at 868).

First, Appellant is not represented by an attorney who may shoulder some blame. Instead, Appellant is pro se, and as such, the failure to prosecute her appeal is solely her own. *See Briscoe v. Klaus*, 538 F.3d 252, 259-59 (3d Cir. 2008) ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in [her] case because a pro se plaintiff is solely responsible for the progress of [her] case."). The first factor, therefore, favors dismissal.

Second, the prejudice to Appellant's adversary from her failure to respond to the Court's order is self-explanatory: this case cannot proceed if Appellant is completely absent. As such, the second factor weighs in favor of dismissal.

Third, the Court does not have a Designation of Record to assess Appellant's dilatory conduct in the Bankruptcy Court. This is because Appellant has yet to respond to this Court's notice that her appeal cannot continue without a Designation of Record. Beyond dilatory, therefore, Appellant's "conduct" in this respect is completely absent, warranting dismissal.

Fourth, it is unclear whether Appellant's conduct is willful or otherwise taken in bad faith, because again, the Court has no record of Appellant's conduct and has not heard from Appellant in this matter. The fourth factor is therefore neutral.

Fifth, the Court can ascertain no other sanction that may be appropriate but dismissal. This is because Appellant is pro se, and her absence therefore prohibits this appeal from moving forward. *Briscoe*, 538 F.3d at 263 (upholding a district court's dismissal of a plaintiff's claims where it found that "no alternative sanctions existed" where the plaintiff was proceeding pro se which rendered "monetary sanctions" untenable and necessitated dismissal (citation omitted)). As such, the fifth factor weighs in favor of dismissal.

Sixth, and finally, considering that the Court does not have a record in this case, it is impossible for this Court to assess the merits of Appellant's appeal. As such, the sixth factor favors dismissal.

Balancing the *Poulis* factors above, Appellant's failure to engage in this action and provide the necessary documents for this Court to evaluate her appeal despite being given a fair opportunity to do so leads this Court to conclude that dismissal is necessary. Accordingly,

**IT IS**, on this 14th day of February 2024, **ORDERED** that:

1. Appellant's appeal of the Bankruptcy Court's order (ECF No. 1) is **DISMISSED**.
2. The Clerk's Office shall close this case.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**